May it please the Court, Counsel. My name is Jennifer Lassie with the Office of the State Appellate Defender, and I represent the Defendant Appellant, Mr. Jermaine Hall. Mr. Hall's convictions must be reversed where the trial court violated his constitutional right to represent himself. In order for a defendant to exercise his right to self-representation, he only needs to knowingly and intelligently waive his right to counsel. The Supreme Court and Illinois courts have repeatedly condemned the idea of requiring a defendant to possess the skill and experience of an attorney before permitting him to proceed pro se. In this case, Mr. Hall's initial attorney, Mr. Lawler, moved to withdraw, and at the April 28, 2015 hearing, Mr. Hall told the court, I want to represent myself. The trial court asked him if he had any schooling in the law. It told him that it had doubts about whether he was capable of representing himself. And in spite of Mr. Hall's insistence that he was capable of representing himself, the court refused to let him proceed pro se, and it appointed public defender Ting to represent him. The court later issued a written order stating that it had doubts about Mr. Hall's ability to represent himself, that his pro se motion he had filed demonstrated he could not, and that attorney Ting would be appointed with the issue of representation to be readdressed. Again, at the May 26 hearing, public defender Ting told the court that Mr. Hall would not speak with him. Mr. Hall told the court that Mr. Ting was fired, and when the court asked what he would do about representation, Mr. Hall told the court, I'm going to represent myself. The court told Mr. Hall he did not understand what the law was, and it attempted to quiz him regarding the use of peremptory challenges. Mr. Hall briefly debated with the court, explaining that he did understand the law and that he did not have to answer his question about peremptory challenges. This was correct under the law. When Mr. Hall filed pleadings or stated in court that he was a, quote, foreign state executive international organization and that he was immune from criminal prosecution because he is an internationally protected person, was the court abusing its discretion in determining that Mr. Hall was not in a state of reality and could not knowingly and intelligently waive his right to representation? Yes, Your Honor, I would say the court was not properly exercising its discretion where it applied the wrong legal standard. The standard is not whether a defendant has the capabilities comparable to an attorney, but only whether he is knowingly and intelligently waiving his right to counsel, and there is case law showing that the filing of a frivolous motion is not dispositive of whether one can represent himself at trial. Aren't there degrees of frivolous motions? I'm sorry? that seemed to be the far end of reality, beyond the bounds of reality, and could influence the trial court's determination that this individual was not knowingly and intelligently waiving his right to counsel, and knowingly and voluntarily waiving his right to counsel? I think that's a distinct issue here, and there's evidence in the record, public defender Ting informed the court that he did not have any questions regarding Mr. Hall's fitness, so that's in the record, and additionally, the record contains information that Mr. Hall was a college student at the time with a somewhat decent GPA, so I think this one frivolous motion is not dispositive of whether one can knowingly and intelligently waive his right to counsel and proceed pro se. I think it's a distinct issue, and in Feretta, the U.S. Supreme Court specifically said, one's knowledge of the law is not what we look to determine whether he can proceed pro se. It is not a question that is dispositive of whether we're going to let him do so. So at that hearing, at the May 26th hearing is where Mr. Hall made his second request to represent himself, and he began to discuss his speedy trial rights with the court and tell the court that 120 days had passed, which would demonstrate he is knowledgeable on some aspects of the law. The court interrupted Mr. Hall mid-sentence, and ignoring his request to proceed pro se, the court told only counsel, we'll address this later, Mr. Ting, and the court ended the hearing. Again, at the May 29th hearing, Mr. Hall appeared in court with another public defender and refused to speak to him, saying this is not my attorney, which also demonstrates that he wants to proceed pro se. The state, in its brief, has conceded that Mr. Hall made requests to proceed pro se, and the state never raised the issue of whether Mr. Hall was incapable of doing so. I think perhaps that's because there's case law in point saying that one frivolous motion should not prevent someone from representing himself. The state only argues that Mr. Hall acquiesced to representation by counsel for failing to object. However, we don't require that trial attorneys repeatedly raise an issue when the court has already made its ruling, and I think the law is clear we don't require that of pro se defendants either. It was clear no matter how many times Mr. Hall asked, this court was not going to let him represent himself, and that was because the court was ruling on the wrong basis, that it didn't think Mr. Hall understood the law enough to do so. With respect to the state's argument that Mr. Hall, in his statement in allocution at sentencing, apologized to the court, at that point, any hopes of representing himself at trial were long gone. He had already been found guilty on all charges, and at that point, he wisely recognized that the only thing to do was to be cooperative and hope for a lenient sentence. At that point, his rights had already been violated. This is a textbook violation of one's constitutional right to represent himself, and Mr. Hall would respectfully request that this court reverse his convictions and remand for a new trial where he can proceed pro se should he choose to do so. Counsel, how many times before the actual commencement of trial did he ask to represent himself? Twice, and the very first request was before a new attorney was appointed. And that was how many days before trial? Let's see. I don't have it in front of me, but the first request came April 28th. The second request came a month later, and then trial followed after that. I don't have the date in front of me when trial started. But the first request, there really would be no argument that it came too late because the court appointed new counsel to represent Mr. Hall at that point who would come to the case with the same information and preparedness that Mr. Hall going pro se would have. So his first request came when his initial attorney was withdrawing and before Mr. Ting from the public defender's office was appointed. So it was timely, and the state has not raised any arguments otherwise. Thank you. Thank you. Thank you, counsel. Counsel? May it please the court, counsel. I'm Luke McNeil with the Fourth District, a fellow prosecutor's office. The Illinois Supreme Court case People v. Burton, which I cited in my brief, lays out the principles applicable to this present case, namely that even if a defendant gives some indication that he wants to proceed pro se, he may later acquiesce in representation by counsel. In determining whether a defendant seeks to relinquish counsel, courts may look at the defendant's conduct following the defendant's request to represent himself. The most similar factually case that Burton cites is Rollerson and 11th Circuit Federal Appellate Court case. There, the Federal Appellate Court found that the defendant waived his right to represent himself where he voluntarily and abruptly left the courtroom after asking to represent himself. The Rollerson court did note that although a defendant need not continually renew his request to represent himself, even after it is conclusively denied by the trial judge, he must pursue the matter diligently. That quote gives us two key factors in this case. One is that the trial court in this case never conclusively denied defendant's request to proceed pro se, and both requests ended with the trial court saying that they will address the matter later. So there was no conclusive rejection. Had defendant showed up at his trial, participated in his trial, and moved for further objection, there might have been the requisite for at a hearing at that time. However, the record as of now is absent, and that's, of course, why there are waiver and forfeiture rules in place. Here, it's not only forfeited, it's waived due to defendant's acquiescence to counsel's performance. He knew full well that if he didn't show up at trial, counsel was going to represent him. Defendant refused to leave the jail. The next quote on the subject of counsel's representation is defendant at sentencing saying that he made a mistake, he apologized to the court, that he was misguided by other inmates, and that he was happy that he should have just let the lawyers do their job because they are, quote, very good at it. He didn't protest at trial. He didn't make a post-trial motion. In a sentencing, he said the exact opposite. He accepted counsel's representation. So the record as it stands now, not only did defendant acquiesce by failing to show up, defendant accepted counsel's representation the next time the subject was broached by the trial court. Clearly, this is affirmatively waived by defendant, and then, of course, plain error is not permitted to affirmatively waive the arguments. The trial court did mention defendant's lack of legal expertise a few times in these pretrial hearings. However, they ended by saying that they were going to revisit the subject. There was never a conclusive rejection, and had defendant shown up at trial, protested, we must assume that the trial court would have properly decided if he was fit to represent himself at trial or not. However, we don't even know if defendant wanted to represent himself at trial at that time because the next time defendant mentions it, it's at sentencing, and he is grateful for counsel's representation. So just like in Rollerson, or even more so than in Rollerson and Burtman, we have defendant's conduct, his acquiescence by abandoning the trial process, by not showing up, by refusing to go. Then we have defendant's acceptance of counsel's representation at sentencing. So this is an even stronger case than in Rollerson where the court did find that defendant had waived this matter. Now, assuming it does just, it's clearly forfeited if not waived. Assuming it's not waived, there was no post-trial motion, it wasn't preserved, it wasn't objected to at trial. And it clearly doesn't raise to the level of plain error here because defendant himself conceded there was no error at sentencing. He stated that he should have just let the lawyers do their job from the beginning, and that he was misguided by other inmates as to counsel's representation. And, of course, the record itself shows no indication that defendant was detrimental, that counsel's representation was detrimental in any way at defendant's trial. It suggests that due to defendant's frivolous motions, that there's a pretty good chance that counsel's representation benefited defendant. So if there are no questions, I would ask this court to affirm. All right. Thank you. Counsel? First, Your Honors, the court did rule on Mr. Hall's request to proceed pro se by not letting him proceed pro se. Once a defendant invokes his constitutional right to represent himself, the court must engage, per Fureta and the other decisions cited in the open brief, the court must engage in a determination to decide whether the defendant is knowingly and intelligently waiving his right to counsel. Once the defendant asks to go pro se, that's the triggering point. The court is required to make that inquiry, and that's the end of it. The court here refused to let him go pro se, therefore, it's denying his request. And Mr. Hall, instead of giving up, he tried again a month later. Your Honor, you asked me when the first request was made. It was April 28th. The second request was made May 26th. Three days later, he refused to talk to counsel, saying that's not my attorney. And then the trial didn't begin until June 1st. So Mr. Hall fought as much as he could. A third or fourth or fifth objection wasn't going to make a difference because the court here was using the wrong standard. It said you're not an attorney, you don't have the skills of an attorney, so you can't do it. And that's not the standard, and the law has been clear on that for more than 40 years. Next, the State has argued that this doesn't rise to plain error. This is structural error because generally we understand that when a defendant wants to represent himself, more likely than not he may end up worse than he would have had he proceeded with counsel. And because of that, the law does not require that they demonstrate prejudice. It's a structural error that requires reversal when a defendant's right to represent himself has been violated. Let's see. I think that's all the points I have, unless your honors have questions. I don't think we do. Thank you. We appreciate the briefs and arguments of counsel. We'll take the Dutch case under advisement and issue a ruling in due course.